**MORRISSEY, Admr v SMITH; Gdn, et**

Ohio Appeals, 4th Dist, Brown Co

Decided Nov 15, 1933

LeBlond, Morrissey, Terry & Gilday, Cincinnati, for plaintiff in error.

Clarence M. Smith, Cincinnati, for defendant in error.

## OPINION

By MAUCK, J.

It is not disputed that the allegation above quoted is sufficient to create a legal presumption that George A. Weber died prior to the death of his mother under the common law rule. That rule as laid down in **Rice v Lumley, 10 Oh St, 596,** is as follows:

"When a man leaves his home, or usual place of residence, and goes to parts unknown and is not heard of or known to be living for the period of seven years, the legal presumption arises that he is dead."

Under this rule the presumption would be that George A. Weber died in July, 1928, some two years prior to the death of his mother. The position of the plaintiff in error, is, however, that the common law rule has been abrogated in this state by the enactment of the presumed decedent's statute, §10636-1 et seq, GC, or if not abrogated that it can be availed of only in proceedings under the statute referred to. With this view we are not in accord. The rule has not been abrogated because the presumed decedent's act is built upon the common law presumption. It is a procedural statute and confined by its terms to the administration of the known estate of the presumed decedent. It makes provision for the Probate Court determining the date when the presumption of death arises. Manifestly, however, that date can not conclude strangers to the judgment which fixes the date. Surely the fact that the Probate Court might fix the day of the presumed death at eight or ten or twenty years after the party had last been heard of, without giving others who might become interested in that question an opportunity to be heard thereon, could not prevent such other parties from asserting in an independent action that the presumption of death was complete at the end of the seven year period. We do not quesiton the soundness of the argument that where the estate in esse of an absent owner is taken by the courts, whether by receiver or administrator, the owner can not be despoiled thereby and that the legislature can not constitutionally provide for such administration without due safeguards for the protection of such absent owner. 11 R.C.L. 91.

In the instant case we are not dealing with the estate of George A. Weber but with the estate of his mother. The court is called upon to determine whether George A. Weber or his children inherited from his mother. The answer to this question turns solely upon whether George A. Weber was alive when his mother died. It is a question of fact. No effort is being made to take George A. Weber's property. The question is whether the property descended to him because he was alive on September 5, 1930, or whether it descended to his children because he was then dead. This question of fact is determinable by the prevailing rules of evidence. It does not differ in any essential way from the question of like character in insurance cases where the named beneficiary has disappeared. The immemorial rule is that the law presumes his death under the circumstances pleaded in this case. If the administrator of the presumed decedent or any other interested party can rebut that presumption by evidence he has an undoubted right to do so. **Youngs v Heffner, 36 Oh St, 232.** The presumption can not be destroyed by any finding or any failure to find by the Probate Court in appointing the administrator of the presumed decedent.

The judgment of the Common Pleas is affirmed.

Judgment affirmed.

BLOSSER, PJ, and MIDDLETON, J, concur.