WHITE, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLANT.

(No. 5499—Decided October 19, 1956.)

*Messrs. McDonald & Robison* and *Mr. P. W. Tetlow,* for appellee.
*Mr. C. William O'Neill,* attorney general, *Mr. James L. Young* and *Mr. I. Charles Rhoads,* for appellant.

WISEMAN, J.   This is an appeal on questions of law from a judgment of the Common Pleas Court of Franklin County entered in favor of plaintiff against the Industrial Commission of Ohio on a death claim.

Plaintiff claims she is the widow of decedent, who died as a result of injuries suffered while employed by Kobacher Stores, Inc., Columbus, Ohio.   The Industrial Commission denied the claim on the ground that plaintiff was not the widow of decedent. On appeal to the Common Pleas Court the matter was tried to the court without the intervention of a jury, which entered a judgment for the plaintiff.

Appellant assigns as error the overruling of defendant's

motion for a directed verdict, and that the judgment is against the manifest weight of the evidence and is contrary to law.

The appellant contends that plaintiff, Della Mae White, was not the lawful wife of decedent, Urban F. White. The plaintiff and decedent never engaged in a statutory, ceremonial marriage. Plaintiff relies on a common-law marriage. In our opinion the record supports the finding of the trial judge that all the elements of a common-law marriage were satisfactorily proved. 26 Ohio Jurisprudence, 25, Section 12.

Appellant contends that there was an impediment to the marriage, in that decedent had formerly been married to Bess Frazee, which marriage had not been terminated by legal divorce or by the death of Bess Frazee. There was introduced into evidence the application for marriage license made in the Probate Court of Franklin County by decedent, Urban F. White, and Bess Frazee, which is dated February 15, 1923; the return on which shows the marriage was duly solemnized. The decedent and Bess Frazee lived together for one week and then separated. Nothing more was heard of Bess Frazee. The decedent continued to live in Columbus, Ohio.

The common-law marriage with decedent took place on December 20, 1942. Plaintiff contends that because of the absence of Bess Frazee for more than seven years a common-law presumption arises that she is dead, and that, therefore, there was no legal impediment to her marriage to the decedent on December 20, 1942. The appellant contends that the evidence relative to the conduct of a search to learn of the whereabouts of Bess Frazee is not sufficient to warrant a finding that Bess Frazee is presumed dead. The record shows that an investigation was conducted which failed to show the whereabouts of Bess Frazee from a date immediately after the separation and up until the day of trial. Certainly, a more exhaustive search could have been made, but we think the evidence is sufficient to raise the presumption.

The common-law presumption arising after seven years' absence has not been abrogated by the Presumed Decedents' Act (Section 2121.01, *et seq.*, Revised Code), and has special application to the factual situation presented here. *Morrissey,*

*Admr.,* v. *Smith, Gdn.,* 17 Ohio Law Abs., 240; *Baker et al., Admrs.,* v. *Myers,* 160 Ohio St., 376, 116 N. E. (2d), 711; 16 Ohio Jurisprudence (2d), 405, Section 16.

The evidence shows further that Bess Frazee was married previously to Edgar Patton in 1910 in Columbus, Ohio, and there was no evidence that such marriage had been terminated by legal divorce or by the death of Patton. Even though there are some discrepancies in the marriage records, the evidence is strong enough to warrant the conclusion that the woman who married White also previously married Patton.

If the evidence is not sufficient to presume the death of Bess Frazee, as appellant contends, it certainly is not sufficient to presume the death of Patton, since the record fails to show that any search was made with respect to the whereabouts of Patton. On the basis of this evidence, the plaintiff contends, with much merit, that since the marriage of Bess Frazee to Patton has not been terminated, Bess Frazee could not enter into a valid marriage with White in 1923. *Industrial Commission* v. *Dell, Exrx.,* 104 Ohio St., 389, 135 N. E., 669, 34 A. L. R., 422. Consequently, there was no impediment to the marriage of White and the plaintiff in 1942.

The court finds the judgment was supported by substantial evidence. No assignment of error is well made.

*Judgment affirmed.*

MILLER, P. J., and HORNBECK, J., concur.